UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GALEN R. HUSTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Misc. No. 05-34-B-W |
| vs. | ) |
| | ) |
| UNITED STATES | ) |
| PENOBSCOT COUNTY FEDERAL | ) |
| CREDIT UNION, | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

Galen Huston has filed a motion to quash a subpoena served upon the Penobscot County Federal Credit Union seeking production of certain documents pertaining to Huston's financial affairs. (Docket No. 1.) The subpoenaed documents have been provided to the Internal Revenue Service (IRS) in accordance with the terms of the subpoena and according to the Government are being kept under seal pending a resolution of this motion. In its response to the motion to quash the United States has distilled six separate and distinct arguments from Huston's motion. Huston has not filed a reply. Therefore, I will accept that the issues are as framed by the United States in its response. (Mot. Dismiss at 4.) Those issues are as follows: (1) the summons is an improper use of civil summons authority for a criminal investigation; (2) the IRS had made either a formal or informal recommendation to the Department of Justice for criminal prosecution or has withheld a formal recommendation to the Department of Justice in order to use the civil summons authority for a criminal investigation; (3) the

IRS has classified Huston as a tax protestor; (4) the records sought by the summons are private; (5) the IRS has not acted in good faith; and (6) the IRS has failed to satisfy procedural requirements of its summons authority.

## Applicable Legal Standards

The Internal Revenue Code (IRC) 26 U.S.C. §§ 7609(b)(2)(A) and (c)(2)(E) generally permit a taxpayer to bring a proceeding to quash an IRS summons issued by a Special Agent pursuant to IRC § 7602 to a third-party record keeper. This court's jurisdiction to hear such a petition is found at § 7609(h). Section 7609(b)(2), which allows a proceeding such as this one, has been construed as a waiver of sovereign immunity. Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985). Where a statutory scheme authorizes a claim against the United States and sets a time limit for filing that claim, the tribunal in which the claim is filed has jurisdiction only if the claim is filed within the time allowed. Clay v. United States, 199 F.3d 876, 879-81 (6th Cir. 1999). A taxpayer must "begin a proceeding to quash [the] summons not later than the 20th day after the day . . . notice is given. . . ." 26 U.S.C. § 7609(b)(2)(A).

To obtain judicial enforcement of a summons the IRS must establish: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the administrative steps required by the IRC have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). To establish a prima facie case for enforcement, the IRS need do no more than file an affidavit of an agent involved in the investigation setting forth good faith compliance with the Powell requirements. See United States v. Gertner, 65 F.3d 963, 966 (1st Cir. 1995) ("[T]he IRS must make a prima facie showing

that it is acting in good faith and for a lawful purpose. This burden is not taxing, so to speak. Courts repeatedly have confirmed that an affidavit of the investigating agent attesting to satisfaction of the four Powell elements is itself adequate to make the requisite prima facie showing."); accord United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993); United States v. Medlin, 986 F.2d 463, 466 (11th Cir. 1993).

The First Circuit explained in Gertner: "Once this minimal showing has been made, the burden shifts to the taxpayer to rebut the good-faith presumption that arises in consequence of the government's prima facie case."  65 F.3d at 967.  Huston is not required to conclusively disprove the prima facie case, but he must cite some significant facts or otherwise bring to light some serious weaknesses in the government's proffer before the court will hold an evidentiary hearing or otherwise be called upon to weigh the facts and draw the appropriate inferences.  Id.  If Huston does not raise these substantial questions in the court's mind, the government's affidavit will carry the day.  Id.

## Discussion

Huston received notice of the summons to Penobscot County Federal Credit Union by certified mail to Huston on August 23, 2005, Huston having actually received the notice on August 30, 2005.  He had twenty days, or until September 19, 2005, to file his motion.  He timely filed it on September 12.  (See Mot. Dismiss Ex. A).

Applying the Powell framework to the case before me, it becomes readily apparent that the IRS is entitled to an order enforcing its summonses.  The affidavit of Mark DeJournett, a revenue agent for the IRS, filed with the Government's response to the motion, is a classic example of compliance with the barebones requirements, albeit in a conclusory fashion.  However, the affidavit does establish all of the necessary

prerequisites.  DeJournett explains that he is conducting a civil examination of  Huston's federal tax liabilities connected with the administration or enforcement of the internal revenue laws for the tax years in question and there has been no Justice Department referral for the tax years in question, that is, its investigation is being conducted for a proper purpose.  He further advises that the records he seeks are all related to Galen Huston that may shed light on his tax liabilities and that he has served the summons on third parties with whom Huston has had financial dealings, that is, the information sought may be relevant to the investigation.  The affidavit recites that Huston did not file any federal income tax returns for the taxable years in question, satisfying the third of the Powell requirements.  Finally, DeJournett maintains that all of the procedural requirements of the IRC have been met thus satisfying the fourth and final Powell requirement.

Neither Huston's motion to quash nor the accompanying affidavit cite significant facts or shed light on any significant weakness in the Government's case.  In my mind there is no reason to hold an evidentiary hearing on this proffer and I accept the Government's affidavit as having satisfied the Powell criteria.  Accordingly I recommend the court **DENY** the motion to quash.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

>Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 8, 2005.

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge